UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-102-RLV
(5:02-cr-37-RLV-8)

| | |
|---|---|
| HAYWARD JEROME NICHOLS, ) | |
| ) | |
|    Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|    Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon the Government's motion to hold this action in abeyance. (Doc. 6.) Petitioner Hayward Jerome Nichols is represented by the Federal Defenders of Western North Carolina. According to the Government's motion, counsel for Nichols does not object to the request. (Doc No. 6 at 2.)

On January 30, 2003, Nichols pled guilty to Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. §§ 841 and 846. The presentence report found that he had two qualifying prior convictions that triggered the career-offender enhancement under U.S.S.G. § 4B1.2: a 1993 North Carolina conviction for assault inflicting serious injury, and a 1994 North Carolina conviction for assault on a government official. (Mot. to Vacate 1-2, Doc. No. 1.)

On June 15, 2016, Nichols commenced this action by filing a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. He challenges the enhancement of his sentence under the career-offender guideline in U.S.S.G. § 4B1.2. Nichols argues that his prior North Carolina convictions no longer qualify as career-offender predicates in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson held that

1

"imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process" but did not address the residual clause under the career-offender guideline. Id. at 2563.

On December 27, 2016, this Court granted the Government's unopposed motion to hold this action in abeyance pending the United States Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017). (Doc. No. 4.) The Supreme Court issued that decision on March 6, 2017, holding that the "the advisory [Sentencing] Guidelines are not subject to vagueness challenges under the Due Process Clause" and that Johnson, therefore, does not apply to invalidate the residual clause of the career-offender Guideline. Id. at 890, 895.

In the wake of the Beckles, Nichols filed a supplemental brief in support of his motion to vacate, in which he argues that Beckles does not resolve his claim for relief because he was sentenced when the Sentencing Guidelines were mandatory, rather than advisory. (Doc. No. 5.) The Government now moves to hold this action in abeyance pending the Fourth Circuit's decision in United States v. Brown, Case No. 16-7056, a case in which the defendant has argued that his career-offender sentence should be vacated under Johnson because he was classified as a career offender based on the residual clause of the career-offender guideline when the Guidelines were mandatory. Brown, No. 16-7056, Doc. 42 at 1.

For the reasons stated by the Government, and without objection from Nichols, the Court concludes that the motion should be granted.

**IT IS, THEREFORE, ORDERED** that the Government's motion to place this case in abeyance (Doc. No. 6) is **GRANTED**, and this action is held in abeyance pending the Fourth Circuit's decision in United States v. Brown, Case No. 16-7056. Thereafter, the Government shall have 45 days from the date of the Brown decision to file an answer, motion, or other

response to Nichols' § 2255 motion to vacate.

**SO ORDERED.**

Signed: May 8, 2017

Richard L. Voorhees
United States District Judge