UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00102-RJC
(5:02-cr-00037-RJC-8)

| | | |
|---|---|---|
| HAYWARD JEROME NICHOLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon Petitioner Hayward Jerome Nichols' motion to hold this 28 U.S.C. § 2255 action in abeyance. (Doc. 8). Nichols is represented by the Federal Defenders of Western North Carolina. The Government does not object to the abeyance request. (Doc. No. 8 at ¶ 8).

On January 30, 2003, Nichols pled guilty to Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. §§ 841 and 846. The presentence report found that he had two qualifying prior convictions that triggered the career-offender enhancement under United States Sentencing Guideline ("U.S.S.G.") § 4B1.2: a 1993 North Carolina conviction for assault inflicting serious injury, and a 1994 North Carolina conviction for assault on a government official. (§ 2255 Mot. 1-2, Doc. No. 1).

On June 15, 2016, Nichols commenced this action by filing a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. He challenges the enhancement of his sentence under the career-offender guideline in U.S.S.G. § 4B1.2. Nichols argues that his prior North Carolina convictions no longer qualify as career-offender predicates in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson held that

1

"imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process" but did not address the residual clause under the career-offender guideline. Id. at 2563.

On December 27, 2016, this Court granted the Government's unopposed motion to hold this action in abeyance pending the United States Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017). (Doc. No. 4). The Supreme Court issued that decision on March 6, 2017, holding that the "the advisory [Sentencing] Guidelines are not subject to vagueness challenges under the Due Process Clause" and that Johnson, therefore, does not apply to invalidate the residual clause of the career-offender Guideline. Id. at 890, 895.

Thereafter, Nichols filed a supplemental brief in support of his Motion to Vacate, in which he argues that Beckles does not resolve his claim for relief because he was sentenced when the Guidelines were mandatory, rather than advisory. (Doc. No. 5). The Court subsequently granted the Government's Motion to hold this action in abeyance pending the Fourth Circuit's decision in United States v. Brown, No. 16-7056. (Doc. No. 7). Brown, like Petitioner, argued that his sentence should be vacated under Johnson because he was classified as a career offender when the Guidelines were mandatory.

On August 21, 2017, the Fourth Circuit issued its Brown decision, which held that because neither Johnson, Beckles, nor any other Supreme Court case has recognized the specific right to relief sought by Brown, his § 2255 motion was "untimely under 28 U.S.C. § 2255(f)(3)." United States v. Brown, 868 F.3d 297, 299 (4th Cir. 2017). According to the instant Motion, the Fourth Circuit denied Brown's petition for rehearing and rehearing en banc on February 26, 2018.

Petitioner's post-conviction counsel has been informed by Brown's counsel that Brown will file a petition for writ of certiorari to the United States Supreme Court. (Doc. No. 8 at ¶ 6.)

Petitioner now moves to hold this action in abeyance pending the Supreme Court's resolution of <u>Brown</u>. For the reasons stated in the Motion, and without objection from the Government, the Court concludes that the motion to hold this action in abeyance should be granted.

**IT IS, THEREFORE, ORDERED** that Nichols' motion to place this action in abeyance (Doc. No. 8) is **GRANTED**, and this action is held in abeyance pending the Supreme Court's resolution of <u>United States v. Thilo Brown</u>. Thereafter, the Government shall have 45 days to file an answer, motion, or other response to Nichols' § 2255 Motion to Vacate.

**IT IS FURTHER ORDERED** that in the event Brown does not file a petition for writ of certiorari, counsel for Petitioner shall file written notice of that fact no more than seven (7) days after Brown's deadline for filing a certiorari petition expires.

Signed: April 17, 2018

Robert J. Conrad, Jr.
United States District Judge